KENNEDY, Respondent, vs. TOWN OF LINCOLN, Appellant.

*May 11—June 10, 1904.*

*Highways: Defects: Injury to traveler: Evidence: Admissions by town officer, how far binding: Instructions to jury: Proximate cause: Contributory negligence: Court and jury.*

1. Evidence that at the foot of a hill, where the road turned at a right angle, there was a rut or depression in the outer wheel track from eight to twenty-three inches deep is *held* to sustain a finding of the jury that the highway was not in a reasonably safe condition.

2. In an action against a town for injuries alleged to have been caused by a defect in a highway, the chairman of the town testified for the defendant that he was very familiar with

the road and that it had been in practically the same condition before the accident that it was on the day thereof; but further testified that there was no such defect as that claimed by the plaintiff. *Held,* that the defendant was not conclusively bound by such testimony of its chairman, so as to preclude it from showing that there was no defect in the highway prior to the accident of which defendant had or should have had notice.

3. The refusal to give an instruction to the effect that plaintiff could not recover if, for her own pleasure or convenience, she left the traveled track at the place in question and went upon a part of the highway not prepared or used for travel, is *held* not error, in the state of the evidence, even though the instruction stated the law correctly.

4. The questions of proximate cause and contributory negligence are *held,* upon the evidence, to have been for the jury.

Appeal from a judgment of the circuit court for Polk county: A. J. Vinje, Circuit Judge. *Reversed.*

This is an action to recover damages sustained about 7 o'clock on the morning of June 8, 1900, by reason of an alleged defective highway. The complaint contains the usual allegations in such cases. The answer consists of admissions, denials, and counter allegations. At the close of the trial the jury returned a special verdict to the effect (1) that the highway at the time and place of the injury was not in a reasonably safe condition for public use; (2) that such unsafe condition of the highway had existed for such a length of time that the defendant, in the exercise of ordinary care, ought to have known of it and repaired it before the occurrence of the injury complained of; (3) that such unsafe condition was the proximate cause of the plaintiff's injury; (4) that the plaintiff was not guilty of any want of ordinary care that contributed to produce her injury; (5) that the jury assessed the plaintiff's damages at $2,125. From the judgment entered upon such verdict for the amount stated, with interest and costs, the defendant brings this appeal.

For the appellant there was a brief by *Frank B. Dorothy,* attorney, and *Smith & Rogers,* of counsel, and oral argument by *Mr. Dorothy* and *Mr. Rufus B. Smith.*

For the respondent there was a brief by *Clarence C. Coe, Arthur E. Coe,* and *W. T. Kennedy,* and oral argument by *Clarence C. Coe.*

CASSODAY, C. J.   1. It appears from the record that the public highway runs east and west from at or near the place where the plaintiff was injured, and that another public highway runs from the same point in a northerly direction. There is evidence tending to prove that on the morning in question the plaintiff and three other ladies and two children started from their homes—some distance west of the place in question—in a double top surrey, obtained at the livery barn in Amery, to visit a friend at Clam Falls; that it was a very bright, clear, cool morning, and the road was very dusty; that the plaintiff drove the team east on the road mentioned, toward the place of the accident; that as they approached the place of the injury the road descended toward the east until it reached the highway running north from that road, as already mentioned; that she held the team back until they got to the corner, and then let them go on a trot; that, just as they got to the corner and turned to go north and were going north, the vehicle tipped clear over, and they were all thrown out onto the ground just outside of the traveled track, and the team went on to the north; that the hill mentioned descended 15 feet in 102 feet west of the curve; that there was a rut or depression in the east wheel track which began right on the turn and extended around the turn toward the north. This rut or depression is the defect in the highway complained of.   Witnesses differ as to the depth of the rut or depression below the altitude of the wheel track opposite.   The plaintiff's witnesses put it at from eight to twenty-three inches, depending upon the particular place where the measurement was taken.   The defendant's witnesses gave a different version of the situation.   We cannot say that the evidence is insufficient to sustain the finding of the jury that the

highway, at the time and place in question, was not in a reasonably safe condition for public use.

2. The important question is as to whether there was error in excluding testimony offered on the part of the defendant as to the actual condition of the highway prior to the accident. The plaintiff had sworn and examined six witnesses on the question. The second witness called by the defendant was the chairman of the town at the time of the accident. He testified, among other things, to the effect that he had "been very familiar with this road ever since it was built;" that changes were made in the road about a week after the accident; that the road "had been in practically that same condition before" the accident that it was on the day of the accident. Afterwards the defendant offered evidence tending to rebut such evidence on the part of the plaintiff, by three or four witnesses, to the effect that there was no gully there at the turn of the road previous to June 8, 1900. But the court excluded such offer and such evidence, on the ground that the defendant was conclusively bound by the admission of the chairman of the town, above mentioned. We are forced to hold that such ruling was error. Of course, the plaintiff was at liberty to avail herself before the jury of any testimony of the chairman of the town, or any other witness called by the defendant, tending to prove not only that the highway was defective at the time and place in question, but that the town authorities had actual notice of such defect in time to have repaired the same prior to the accident, or that such defect had existed for such length of time that such authorities ought, in the exercise of ordinary care, to have learned the fact and to have remedied the same prior to the injury. But we are constrained to hold that the defendant was not conclusively bound by such testimony of the chairman of the town. Besides, the chairman of the town nowhere admitted that there was such a defect in the highway as claimed by the plaintiff, much less that any such defect had existed for

any length of time prior to the accident. According to his version, the old highway was level clear around the curve, and there was no ditch or gully there at all; that there were two wheel tracks at the curve, and that the only gully was between such two wheel tracks, and that that was only from two to seven inches deep. One of the plaintiff's witnesses had testified to the effect that the road made the turn very nearly at right angles, that the gully mentioned started at the southeast corner of the turn, that from that point the water followed the east wheel track toward the north for twenty-eight feet, and then shot across the road into the west wheel track. Manifestly, the situation was one of fact to be determined by the jury upon the weight of the evidence. The defendant should have been allowed, if it could, to prove its defense.

3. For the reasons given, it was error for the court to direct the jury to find, as matter of fact, that "such unsafe condition of the highway existed for such length of time that the defendant, in the exercise of ordinary care, ought to have known of it and repaired it before the occurrence of the injury complained of."

4. Error is assigned for the refusal of the court to give to the jury the several instructions requested by the defendant. The one which counsel seem to regard as most important is to the effect that if the defendant had furnished a sufficient traveled track at the place in question, and the plaintiff, for her own pleasure, convenience, or other purpose, left such traveled track and went upon a part of the highway not prepared for travel nor used by the public as a highway, and was injured while so off the traveled track, then she could not recover. Assuming that the instruction so requested contained a correct principle of abstract law, yet we are not prepared to say that the condition of the evidence is such as to have made it error to refuse to give it in charge to the jury.

5. We perceive no error in refusing to direct a verdict in favor of the defendant upon the undisputed evidence, either

upon the ground that the unsafe condition of the highway was not the proximate cause of the plaintiff's injury, or on the ground that she was guilty of contributory negligence. There are no other assignments of error calling for consideration. For the reasons mentioned, we must hold that there was a mistrial of this case.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial